

USDC- BALTIMORE
'25 SEP 18 PH2:10

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

**KOBBY GRANT,**
126 Martha Lewis BLVD
Havre De Grace, MD, 21078
**Plaintiff, Pro Se**

v.

**ANNE ARUNDEL COUNTY POLICE DEPARTMENT,**
8495 Veterans Hwy
Millersville, MD 21108

**Detective Jessica Teare,** in her individual and official capacity,
Anne Arundel County Police Department (Criminal Investigation Division)CID
8666 Veterans Hwy
Millersville, MD 21108

**ANNE ARUNDEL COUNTY,**
44 Calvert Street
Annapolis, MD 21401

**STATE OF MARYLAND,**
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202

**Defendants.**

Civil Action No: _____ ABA _____  **25 CV 3104**

HD

Rev'd by: _____ AR _____

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

*(42 U.S.C. §§ 1983, 1985(3))*

## I. INTRODUCTION

1. Plaintiff brings this civil rights action under 42 U.S.C. §§ 1983 and 1985(3) to redress violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Defendants, acting under color of state law, initiated and prolonged a baseless criminal investigation, obtained and retained Plaintiff's DNA through an affidavit that omitted critical exculpatory facts, disregarded departmental directives, and refused to enforce state false-reporting statutes against the accuser.

3. These actions caused Plaintiff to lose employment, housing, and reputation, and left him living under continuing stigma and trauma.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions occurred in Anne Arundel County, Maryland.

## III. PARTIES

6. Plaintiff **Kobby Grant** is a U.S. citizen and resident of Maryland.

7. Defendant **Anne Arundel County Police Department ("AACPD")** is a law enforcement agency of Anne Arundel County, Maryland.

8.  Defendant **Detective Jessica Teare** is an AACPD detective, sued in her individual and official capacities.

9.  Defendant **Anne Arundel County** is a political subdivision of Maryland responsible for AACPD policies, practices, and supervision.

10. Defendant **State of Maryland** is named for purposes of injunctive relief.

# IV. FACTUAL ALLEGATIONS

11. On **July 30, 2022**, Plaintiff called 911 to report an assault by his then-girlfriend, **Kirsten Nicole Bell**. Officer Spates of AACPD responded. Plaintiff advised Officer Spates that Ms. Bell was already making accusations of rape over the phone to others. Despite this warning, Officer Spates failed to question Ms. Bell about the rape allegation, failed to direct her to a hospital for a rape examination, and omitted Plaintiff's warning from his report. Video footage shows Ms. Bell striking Plaintiff with a closed fist, contradicting her statement that she merely "shoved" him. Officer Spates never advised Plaintiff he was being charged with second-degree assault.
    *Exhibits: Incident report; video footage.*

12. On **July 31, 2022**, Plaintiff was served with a summons for misdemeanor assault and a protective order based on Ms. Bell's new allegation of rape. Plaintiff attempted to provide video footage to Officer Spates but was refused a meeting.
    *Exhibits: Summons; protective order.*

13. On **August 1, 2022**, Detective Teare contacted Plaintiff regarding Ms. Bell's allegation of rape, and Plaintiff voluntarily agreed to appear for a formal interview on August 8, 2022. Plaintiff also filed a complaint against AACPD for being charged with second-degree assault without evidence. Officer Tirro's supplemental report recorded conflicting statements from Ms. Bell: she first claimed she left the home after the alleged assault, but Detective Teare's report noted she instead showered and remained in the home. In her statements, Ms. Bell referenced 'voodoo' in an apparent attempt to portray Plaintiff as dangerous through racial and cultural stereotypes. Defendants failed to discount or correct such prejudicial and irrelevant statements, instead crediting them while disregarding exculpatory evidence. This reliance on bias further supports Plaintiff's claim of unequal treatment under the Fourteenth Amendment.
    *Exhibit: Investigative Report.*

14. On **August 2, 2022**, during a protective order hearing, Ms. Bell testified under oath before Judge Hammond that she had not been raped by Plaintiff but had instead provided "sexual favors." Detective Teare was aware of this sworn testimony before seeking Plaintiff's DNA warrant. Plaintiff also obtained a protective order against Ms. Bell.

*Exhibits: Court audio transcript; Plaintiff's protective order.*

15. On **August 3, 2022,** Officer Joiner charged Plaintiff with contempt of court based solely on Ms. Bell's allegation that Plaintiff whispered to her during the August 2 hearing. Ms. Bell did not report this on the day of the hearing, but only after she unsuccessfully attempted to reenter Plaintiff's home. Officer Joiner admitted this sequence in his statement.
*Exhibit: Charging document.*

16. On **August 4, 2022,** Detective Teare documented a phone call with Ms. Bell, who stated sexual activity had occurred but was "not forced." Despite this admission, the incident was later reframed in court as rape. Detective Teare counseled Ms. Bell on preparing for her protective order hearing, but the details of this "guidance" were not documented.
*Exhibit: Police report case #22-732309.*

17. On **August 8, 2022,** Plaintiff appeared for his CID interview. He denied raping Ms. Bell, reminded Detective Teare that Ms. Bell had made prior false rape accusations, and provided text messages and video evidence—including footage of Ms. Bell's child admitting she lied. Detective Teare omitted this information from her report.
*Exhibits: Text messages; video footage.*

18. Between **August 9–16, 2022,** Plaintiff provided Detective Teare with further exculpatory evidence, including:
a. Court transcripts showing Ms. Bell contradicted herself under oath;
b. Texts from Ms. Bell's mother attempting to sabotage Plaintiff's marriage with fabricated claims;
c. Video footage of Ms. Bell's activities on the day of the alleged rape, showing inconsistencies with her account.

Detective Teare acknowledged receipt but failed to investigate or include these materials.
*Exhibits: Court transcripts; text messages; video and photo evidence.*

19. On **August 22, 2022,** Ms. Bell indirectly violated the protective order by contacting Plaintiff through a family acquaintance. Plaintiff reported this violation on August 29, 2022, but AACPD refused to act.
*Exhibit: Phone records.*

20. On **August 22, 2022,** Plaintiff received an unsolicited email from an individual identifying herself as "Mona White," using the address mw1340558@gmail.com  The message contained unusually personal and romantic language and attached two photographs. Plaintiff had no prior connection to this individual and found the outreach suspicious, given its timing during the ongoing protective order proceedings and investigation. Plaintiff believes this contact may have been part of a broader pattern of harassment or attempted entrapment.
*Exhibit : Copy of email and attachments.*

21. On **September 15, 2022**, Plaintiff informed Judge Butcher of the violation, but Judge Butcher excused Ms. Bell's conduct, contradicting his prior order that barred direct or indirect contact. Plaintiff also attempted to file charges at AACPD, but officers refused.
    *Exhibit: Court transcript.*

22. On **September 30, 2022**, Detective Teare obtained a warrant for Plaintiff's DNA. The supporting affidavit omitted exculpatory evidence, including Ms. Bell's sworn recantation, Plaintiff's video and documentary evidence, and his prior complaints.
    *Exhibits: DNA warrant; affidavit.*

23. On **October 5, 2022**, Plaintiff complied with the warrant and provided DNA. He also showed Detective Teare video evidence proving Ms. Bell was not wearing the "pink dress" she had described.
    *Exhibit: DNA collection record; video footage.*

24. On **December 6, 2022**, Detective Teare obtained a second warrant for Plaintiff's Verizon cell phone records. Within six months, Plaintiff's seven-year employment with Verizon was terminated.

25. On **December 9, 2022**, Plaintiff emailed Detective Teare for the status of his DNA results. She responded that she was on vacation and failed to follow up. Plaintiff later sought discovery of whether results excluded him, and if so, whether Ms. Bell was ever confronted.
    *Exhibit: Email correspondence.*

26. From **late 2022–early 2023**, the investigation remained ongoing.

27. On **March 3, 2023**, Plaintiff emailed Detective Teare requesting an update.

28. On **March 6, 2023**, Detective Teare informed Plaintiff that the investigation was "closed without charges at this time." Despite this, Plaintiff's DNA remained in state databases, and the case was marked "closed by exception," leaving a false stigma.
    *Exhibits: Email correspondence.*

29. On **March 22, 2023**, Plaintiff requested that Detective Teare charge Ms. Bell with filing a false report under Md. Code Crim. Law § 9-501.

30. On **March 23, 2023**, Plaintiff followed up with a written request asking why Ms. Bell was not being charged despite clear proof.

31. On **March 30, 2023**, Plaintiff filed a notice of intent to sue AACPD and Anne Arundel County.

32. On **April 3, 2023,** Plaintiff filed a complaint letter specifically against Detective Teare, stating his intent to sue her.

33. On **April 11, 2023,** Anne Arundel County Attorney Phillip Culpepper issued a formal letter acknowledging Plaintiff's notice of claim.
    *Exhibit: County attorney letter.*

34. On **May 24, 2023,** Verizon notified Plaintiff his position would be terminated effective June 30, 2023.
    *Exhibit: Termination letter.*

35. On **July 25, 2023,** Anne Arundel County Internal Affairs issued a letter confirming Plaintiff committed no misconduct, further supporting his claims of innocence.
    *Exhibit: Internal Affairs letter.*

36. On **October 5, 2023,** Ms. Bell contacted Plaintiff via email, asking to meet him in public regarding a cryptocurrency wallet.
    *Exhibit: Email communication.*

37. From **2023–2024,** Plaintiff sought removal of his DNA and expungement of false records. AACPD counsel admitted uncertainty as to how or if DNA could be removed. Internal Affairs also confirmed Plaintiff committed no misconduct, while county counsel suggested monetary settlement discussions.
    *Exhibits: FOIA/public records requests; settlement correspondence.*

38. On **August 2, 2024,** Plaintiff filed his federal civil rights complaint in this Court, Civil Action No. 1:24-cv-02251-ABA.
    *Exhibit: Original complaint.*

39. On **August 14, 2024,** Plaintiff mailed claim letters to the Anne Arundel County Executive and Maryland State Treasurer via priority mail without retaining proof. On **November 6, 2024,** Plaintiff resent the claim letters by certified mail with tracking numbers 9589 0710 5270 0385 5545 60 and 9589 0710 5270 0385 5545 77.
    *Exhibits: Claim letters; mailing receipts.*

40. On **August 20, 2025,** the Court dismissed Plaintiff's case without prejudice for failure to state a claim, permitting amendment or refiling.
    *Exhibit: Memorandum opinion and dismissal order.*

41. On **September 19, 2025,** Plaintiff's deadline to appeal or refile expired.

42. From **2023 through 2025,** Plaintiff lost employment, housing, and reputation as a result of Defendants' actions, and continues to suffer under ongoing stigma and trauma.

43. As a result of Defendants' actions, Plaintiff suffered severe emotional distress, mental anguish, and related physical symptoms. Plaintiff sought medical evaluation and treatment, records of which will be produced during discovery to support damages.

# V. POLICY AND DIRECTIVE VIOLATIONS

44. Defendants' conduct violated multiple **AACPD policies, written directives, and Maryland statutes.**

45. AACPD **Rule 13 – Abuse of Authority** prohibits misuse of police authority, including falsifying or withholding evidence. Defendants violated this rule by disregarding Plaintiff's exculpatory evidence and pursuing baseless charges.

46. AACPD **Rule 14 – False Statement** prohibits knowingly making false or misleading statements. Defendants violated this rule by submitting an affidavit that omitted sworn testimony and contradictory evidence.

47. AACPD **Rule 15 – Inaccurate Statement** prohibits making statements or omissions of material fact, even without intent to deceive. Defendants violated this rule by filing incomplete and misleading reports.

48. AACPD **Directive 0302.1 – Bias-Free Policing** requires equal enforcement of laws without discrimination. Defendants violated this directive by treating Plaintiff, a Black male, less favorably than Ms. Bell, a white female accuser.

49. AACPD **Directive 1625 – Criminal Investigations** requires officers to observe conditions, locate witnesses, maintain scenes, collect evidence, and prepare accurate reports. Defendants failed to collect key evidence by never visiting the alleged crime scene (e.g., the alleged "pink dress") and disregarded exculpatory materials.

50. AACPD **Directive 1806 – Rape & Sex Offense Investigations** requires preservation of physical evidence such as clothing and documentation of forensic exams. Defendants failed to secure or document evidence that would have disproven Ms. Bell's allegations.

51. **Md. Code Crim. Law § 9-501** makes it a crime to knowingly file a false report. Despite Plaintiff's repeated requests, Defendants refused to enforce this law against Ms. Bell, reflecting selective enforcement.

# VI. CLAIMS FOR RELIEF

## Count I – Fourth Amendment Violation (Unlawful Search and Seizure)

*(42 U.S.C. § 1983 – Against Detective Jessica Teare and AACPD)*

52. Plaintiff realleges ¶¶1–41.

53. Defendants obtained Plaintiff's DNA pursuant to a warrant affidavit that omitted exculpatory facts, including sworn testimony by the accuser recanting rape allegations, video and documentary proof contradicting her claims, and Plaintiff's prior complaints.

54. Such omissions rendered the affidavit materially misleading in violation of **Rule 14 (False Statement)** and **Rule 15 (Inaccurate Statement)**.

55. The warrant was not supported by probable cause, and the resulting DNA seizure violated Plaintiff's Fourth Amendment rights. This conduct violated Plaintiff's Fourth Amendment rights under Franks v. Delaware, 438 U.S. 154 (1978)

---

## Count II – Fourteenth Amendment Violation (Due Process)

*(42 U.S.C. § 1983 – Against All Defendants)*

56. Plaintiff realleges ¶¶1–45.

57. The investigation was closed "by exception" rather than "unfounded," leaving a false stigma attached to Plaintiff in official records.

58. Defendants retained Plaintiff's DNA and records without notice, hearing, or process, depriving Plaintiff of liberty and reputation.

59. This violated directives requiring fair, accurate, and complete investigations (**Rules 14 & 15, Directives 1625 & 1806**).

---

## Count III – Fourteenth Amendment Violation (Equal Protection)

*(42 U.S.C. § 1983 – Against All Defendants)*

60. Plaintiff realleges ¶¶1–49.

61. Defendants treated Plaintiff, a Black male, as a suspect despite clear exculpatory evidence, while crediting inconsistent allegations by a white female accuser.

62. Defendants further refused to enforce **Md. Code Crim. Law § 9-501** against the accuser, reflecting selective enforcement.

63. This disparate treatment violated **Directive 0302.1 (Bias-Free Policing)**.

---

## Count IV – Monell Liability (Anne Arundel County)

*(42 U.S.C. § 1983 – Against Anne Arundel County)*

64. Plaintiff realleges ¶¶1–53.

65. Anne Arundel County maintained customs, policies, or practices that tolerated:
    a. Neglect of exculpatory evidence (**Directive 1625**);
    b. Failure to collect and preserve evidence (**Directive 1806**);
    c. Selective enforcement of false-reporting laws (**Md. Code Crim. Law § 9-501**);
    d. Misstatements and omissions (**Rules 14 & 15**).

66. These customs and omissions reflected deliberate indifference to the constitutional rights of individuals, including Plaintiff, and were the moving force behind the violations he suffered.

67. **Pattern of Conduct:**
    a. Detective Teare's repeated actions, including crediting false narratives, omitting exculpatory facts, pursuing baseless warrants, and refusing to charge false reporting -- were not corrected by AACPD supervisors. Plaintiff repeatedly complained to AACPD and County officials on August 1, August 12, August 14, March 30, and April 3. Despite this notice, AACPD failed to act, thereby ratifying Teare's misconduct.

    b. Although AACPD maintained written directives such as 1625 (Criminal Investigations) and 1806 (Rape & Sex Offense Investigations), the County failed to enforce them. This systemic failure to train, supervise, and discipline its officers created a de facto policy of non-enforcement that encouraged unconstitutional investigations.

    c. The County's deliberate indifference and ratification of Detective Teare's misconduct were the moving force behind the violations of Plaintiff's Fourth and Fourteenth Amendment rights.

## Count V – Civil Rights Conspiracy

*(42 U.S.C. §§ 1983, 1985(3) – Against Detective Jessica Teare, AACPD, and Ms. Bell as co-conspirator)*

68. Plaintiff realleges ¶¶1–56.

69. Defendants conspired with Ms. Bell to advance false allegations while ignoring exculpatory evidence.

70. Specific overt acts included:

    a. On August 4, 2022, Detective Teare held a phone call with Ms. Bell in which Ms. Bell admitted the alleged sexual encounter was not forced. Instead of warning Ms. Bell that knowingly filing a false report is a crime under Md. Code Crim. Law § 9-501, Detective Teare provided undisclosed "guidance" in preparation for Ms. Bell's upcoming protective order hearing. Detective Teare's investigative report further notes a follow-up with Ms. Bell on August 8, 2022, but fails to document the content of that follow-up. Immediately after this undocumented guidance, Ms. Bell altered her testimony in court to recharacterize the same encounter as rape.

    b. On September 30, 2022, Detective Teare sought and obtained a DNA warrant while omitting exculpatory evidence, including Ms. Bell's sworn recantation of rape and video evidence showing her activities inconsistent with her allegations.

    c. Despite collecting Plaintiff's DNA and having the ability to compare it against forensic evidence from Ms. Bell's sexual assault exam, Defendants failed to disclose or acknowledge the absence of any match.

    d. On December 6, 2022, Detective Teare sought a second warrant for Plaintiff's cell phone data, continuing to pursue collateral records despite exculpatory DNA results.

    e. At no point did Defendants initiate charges against Ms. Bell for knowingly filing a false report under Md. Code Crim. Law § 9-501, despite overwhelming evidence that she perjured herself under oath.

    f. This deliberate refusal to acknowledge exculpatory results demonstrates a conspiracy to sustain false charges and deprived Plaintiff of equal protection and due process.

71. **Pattern of Conduct:**

    a. Detective Teare's conduct followed a consistent and deliberate pattern. She credited the accuser's false narratives while disregarding Plaintiff's contemporaneous warnings and corroborating evidence; failed to collect or preserve exculpatory evidence such as the alleged clothing and forensic results; omitted and misrepresented material facts in her investigative reports and warrant affidavits; provided undisclosed "guidance" that enabled the accuser to alter testimony; pursued additional intrusive warrants even after exculpatory DNA results; and selectively refused to charge the accuser under Md. Code

Crim. Law § 9-501 despite overwhelming proof of false reporting. This recurring sequence of actions demonstrates an intentional strategy to sustain false allegations against Plaintiff, rather than an effort to conduct a fair or lawful investigation.

72. The conspiracy was motivated by discriminatory bias, violating Plaintiff's federally protected rights.

73. By coordinating these acts, Defendants deliberately sustained false allegations against Plaintiff. The case was ultimately closed "by exception" rather than "unfounded," leaving Plaintiff stigmatized despite the absence of supporting forensic or circumstantial evidence.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights;
b. Order injunctive relief requiring removal of Plaintiff's DNA and expungement of false investigative records;
c. Award compensatory damages for lost wages, lost equity, emotional distress, reputational harm, and ongoing stigma;
d. Award punitive damages against Detective Jessica Teare and Anne Arundel County;
e. Award costs and any other relief this Court deems just and proper.
f. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

**Plaintiff seeks damages in an amount to be determined by a jury at trial.**

## VIII. JURY DEMAND

g. Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Kobby Grant, Pro Se
Date: 09/18/2025